**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Kelly A. Mulcahy (Bar No. 305472)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
kelly@KRInternetLaw.com

Attorneys for Plaintiff BillFloat Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BILLFLOAT INC. dba SMARTBIZ LOANS**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**COLLINS CASH INC. dba SMART BUSINESS FUNDING**, a New York corporation,<br><br>Defendant. | Case No. 3:20-cv-09325<br><br>**COMPLAINT FOR:**<br>• Trademark Infringement;<br>• Breach of Contract;<br>• Trademark Infringement (State); and<br>• Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:20-cv-09325                                              **COMPLAINT**

Plaintiff BillFloat Inc. *dba* SmartBiz Loans ("Plaintiff"), by and through its undersigned counsel, states and alleges as follows:

**INTRODUCTION**

1. This case involves willful trademark infringement and breach of contract.

2. Plaintiff provides a technology platform to small businesses and banks for obtaining and processing commercial loans, including Small Business Administration ("SBA") loans, through Plaintiff's website located at <SmartBizLoans.com> ("Proprietary Site"). Plaintiff owns a number of trademarks and copyrights protecting its brand and the content on its Proprietary Site.

3. Defendant Collins Cash Inc. *dba* Smart Business Funding ("Defendant") is a financial services provider for small businesses.

4. On or about June 6, 2018, Defendant applied to join the "SmartBiz Partner Program" ("Partner Program"). To join the Partner Program, Defendant was required to submit a Partner Enrollment Form and enter into a contract with Plaintiff (the "Agreement"), agreeing to be bound by Plaintiff's Terms and Conditions.

5. Under the Agreement, Defendant agreed, among other things, only to use Plaintiff's trademarks, service marks, and logos in connection with the Partner Program.

6. Defendant has infringed on Plaintiff's intellectual property rights by using a confusingly similar brand name without Plaintiff's permission or authorization in an effort to deceive consumers and create the appearance of affiliation with Plaintiff's trusted services.

7. Plaintiff has been substantially harmed as a result of Defendant's misconduct and will continue to incur damages until Defendant's infringement is enjoined.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over federal trademark infringement claims under 28 U.S.C. §§1331, 1338.

9. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has systematically targeted misconduct towards

1  California, including by sending email solicitations to Plaintiff, which has a principal office
2  in California. Furthermore, the Agreement between the Parties expressly states that the
3  Parties shall submit to the laws and jurisdiction of California regarding all disputes.

4      10.    Venue is proper pursuant to 28 U.S.C. §1391 because, as part of the
5  Agreement, the Parties expressly consented to venue in San Francisco, California.

## INTRADISTRICT ASSIGNMENT

7      11.    This intellectual property action should be assigned on a district-wide basis.

## THE PARTIES

9      12.    Plaintiff is a Delaware corporation with foreign registration in California and
10  its principal place of business in San Francisco, California.

11      13.    On information and belief, Defendant is a New York corporation and
12  maintains its principal place of business in Brooklyn, New York.

## FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademarks

15      14.    Plaintiff is a provider of small business loan services. Plaintiff's business
16  grew out of the 2008 financial crisis when banks had difficulties funding small business
17  growth. Plaintiff created an innovative solution focusing on SBA loans, low interest rates,
18  affordable monthly payments, and long repayment terms. Plaintiff has also built a platform
19  with advanced technology to streamline the SBA loan application process, making it
20  efficient and more cost effective for banks to provide small loans to businesses. In
21  particular, Plaintiff provides a platform to assist small businesses in obtaining SBA and
22  non-SBA loans through its Proprietary Site. Plaintiff's platform was the first online
23  marketplace to help small businesses successfully apply for SBA loans. Plaintiff's
24  services help businesses find lenders most likely to fund their loan, help businesses
25  improve their financial health, and help lenders efficiently process loans.

26      15.    A key aspect of Plaintiff's services is that customers can benefit from a
27  streamlined application process and faster access to funding and can thus obtain working
28  capital from banks to pay for real estate, employees, marketing, equipment, and other

1  costs.

2  16.    Since 2013, Plaintiff began providing its small business loan services under a family of SMARTBIZ-formative trademarks, including SMARTBIZ, SMARTBIZ LOANS, and SMARTBIZ ADVISOR (collectively, the "SMARTBIZ Marks").

17.    On January 28, 2014, Plaintiff obtained a federal trademark registration with the U.S. Patent and Trademark Office ("USPTO") for the mark SMARTBIZ (U.S. Registration No. 4,475,356) for use on or in connection "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036.

18.    On January 2, 2018, Plaintiff obtained a federal trademark registration with the USPTO for the mark SMARTBIZ LOANS (U.S. Registration No. 5,368,330) for use on or in connection with "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036.

19.    On February 26, 2019, Plaintiff obtained a federal trademark registration with the USPTO for the design mark SMARTBIZ (U.S. Registration No. 5,685,165) for use on or in connection with "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036 and "[p]latform as a service (PAAS) featuring computer software platforms for users to apply for commercial loans; [p]roviding a secure electronic online system featuring technology which allows users to access tools that offer recommendations on how to strengthen their lending profile; [p]roviding a website featuring non-downloadable software for users to apply for commercial financing; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to learn how banks typically evaluate their business and allows users to apply for commercial loans; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to apply for commercial loans; [p]roviding temporary use of on-line non-downloadable software for users to apply

1   for commercial loans" in International Class 042.

2   20.  On March 12, 2019 Plaintiff obtained federal trademark registrations for the word mark and design mark SMARTBIZ ADVISOR (U.S. Registration Nos. 5,695,705 and 5,695,704) for use on or in connection with with  "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036 and "[p]latform as a service (PAAS) featuring computer software platforms for users to apply for commercial loans; [p]roviding a secure electronic online system featuring technology which allows users to access tools that offer recommendations on how to strengthen their lending profile; [p]roviding a website featuring non-downloadable software for users to apply for commercial financing; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to learn how banks typically evaluate their business and allows users to apply for commercial loans; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to apply for commercial loans; [p]roviding temporary use of on-line non-downloadable software for users to apply for commercial loans" in International Class 042.

21.  Plaintiff has expended, and continues to expend, considerable sums to advertise and promote its services under the SMARTBIZ Marks. Additionally, Plaintiff has been recognized as the nation's #1 facilitator of certain SBA loans, received outstanding customer satisfaction ratings, and obtained numerous awards for its business. By reason of its longstanding commercial success, Plaintiff's SMARTBIZ Marks and corresponding services are identified in the public's mind as originating with Plaintiff.

### Breach of Contract and Willful Infringement

22.  Through its Proprietary Site, Plaintiff offers the ability for individuals and/or businesses to join the SmartBiz Partner Program.

23.  By joining the Partner Program, Partners can earn commissions on funded SBA loan applications opened by their referred clients.

24.  On or about June 6, 2018, the Parties entered into the Agreement, whereby

they agreed, among other things:

    a. That Defendant would identify customers who may benefit from SmartBiz services and introduce such customers to SmartBiz.

    b. As consideration for the services provided by Defendant under the Agreement, Plaintiff would pay Defendant a commission for each lead generated.

25. As part of the Agreement, the Parties agreed to grant each other a limited non-exclusive, non-transferable right to display the trademarks, service marks, and logos, in the form and format supplied by the other Party, *solely* in connection with the Program.

26. During the term of the Agreement, Defendant submitted several leads to SmartBiz under the name Collins Cash, however these loan applications were either declined or withdrawn, and as such, did not warrant payment by Plaintiff.

27. Plaintiff became aware that Defendant had breached the Agreement by infringing on Plaintiff's trademark rights when Plaintiff received an email solicitation from Defendant advertising its finance and loan services under the confusingly similar name SMART BUSINESS FUNDING (the "Infringing Mark").

28. Due to the proximity of the party's names, near identical services offered, along with the geographic overlap in which the services are provided, Plaintiff became increasingly concerned about the resulting confusion among the consuming public. Specifically, Plaintiff is concerned that consumers believe that Defendant is affiliated, connected, or associated with Plaintiff and/or that Defendant's services originate from, or are sponsored or approved by, Plaintiff.

29. Concerned about the potential confusion among consumers, Plaintiff sent a demand letter ("Plaintiff's Letter") to Defendant on April 14, 2020, requesting that Defendant cease and desist use of its Infringing Mark based on a likelihood of confusion with Plaintiff's SMARTBIZ Marks, altogether making it clear that Defendant's use was unauthorized and amounted to infringement.

30. Notwithstanding Plaintiff's prior established rights in the SMARTBIZ Marks,

on May 2, 2020, Defendant filed U.S. Application No. 88/898,248 for the Infringing Mark for use on or in connection with:

<u>Class 035</u>: Business advisory services, consultancy and information; Business advice and information relating to loans, finance and capital; Business support services, namely, business consulting to freelancers, start-ups, existing businesses and non-profit organizations.

<u>Class 036</u>: Brokerage in the field of credit card processing terminals; Brokerage in the field of business lines of credit; Cash advance services for businesses and merchants; Factoring agencies; Financing and loan services; Merchant banking services; Accounts receivables financing; Banking and financing services; Financial services, namely, credit repair and restoration; Providing working capital; Providing working capital financing to small businesses and small business owners.

31. In response to the filing of Defendant's application for the Infringing Mark, Plaintiff filed a Notice of Opposition against the application on October 22, 2020 with the Trademark Trial and Appeal Board.

32. Defendant's use and registration of the Infringing Mark is likely to cause confusion, mistake, and/or deception because the public is likely to falsely believe that Defendant's services emanate from Plaintiff, or that the services are endorsed, approved, or sponsored by, affiliated, or associated with, or otherwise connected to, Plaintiff.

33. On information and belief, Defendant has received a financial benefit directly attributable to their infringement, including through website traffic and sales.

34. As a direct and proximate result of Defendant's breach and bad faith infringement of Plaintiff's intellectually property rights, Plaintiff has been substantially harmed, including through lost profits and loss of goodwill, and Defendant has wrongfully obtained profits.

## FIRST CLAIM FOR RELIEF

**Trademark Infringement, 15 U.S.C. §1125(a)(1)(A),** *et seq.*

35. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

36. Plaintiff has continuously used its SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

37. Defendant had actual and constructive knowledge of Plaintiff's rights in its SMARTBIZ Marks and, in adopting and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Despite Plaintiff's requests to cease and desist, Defendant has knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendant's goods and services.

38. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and Plaintiff and as to the origin, sponsorship, or approval of their products and services, given the similarity and directly competitive fields of Plaintiff's Marks and the Infringing Mark.

39. Defendant's conduct constitutes unfair competition in violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

40. As a result of Defendant's conduct, Plaintiff has suffered damages and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

41. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

42. On or around June 6, 2018, Defendant entered into a contract with Plaintiff by using the Proprietary Site and joining Plaintiff's Partner Program. The essential terms of the contract were clearly and unambiguously laid out in the terms and conditions and included that Defendant would not use or reproduce Plaintiff's intellectual property outside of the Program.

43. Plaintiff performed all obligations under the contract.

44. Defendant has materially breached its duties under the contract, including by intentionally infringing on Plaintiff's Marks.

45. As a direct result of Defendant's breach, Plaintiff has incurred damages.

//

## THIRD CLAIM FOR RELIEF

### Trademark Infringement, Cal. Bus. & Prof. Code §14245, *et seq.*

46. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

47. Plaintiff has continuously used its SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

48. Defendant had knowledge of Plaintiff's rights in its Marks and, in creating and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Defendant has knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendant's goods and services.

49. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and Plaintiff and as to the origin, sponsorship, or approval of their products and services, given the similarity and directly competitive fields of Plaintiff's SMARTBIZ Marks and the Infringing Mark.

50. Defendant's conduct constitutes infringement under Cal. Bus. & Prof. Code §14245, *et seq.*

51. As a direct result of Defendant's conduct, Plaintiff has suffered damages and irreparable injury for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Unlawful Business Practices, Cal. Bus. & Prof. Code §17200, *et seq.*

52. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

53. Plaintiff has continuously used its SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

54. Defendant had knowledge of Plaintiff's rights in its Marks and, in creating and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Defendant has knowingly, deliberately, and willfully

continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendant's goods and services.

55. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and Plaintiff and as to the origin, sponsorship, or approval of their products and services, given the similarity and directly competitive fields of Plaintiff's SMARTBIZ Marks and the Infringing Mark.

56. Defendant's conduct constitutes unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200, *et seq.*

57. As a direct result of Defendant's conduct, Plaintiff has lost profits for which Defendant has been unjustly enriched, and Plaintiff has suffered irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter judgment against Defendant that it has committed and is committing acts of trademark infringement, breach of contract, and unlawful business practices.

2. That the Court order Defendant to pay Plaintiff's damages as follows:
   a. Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. §1117(a);
   b. Restitution for violation of Cal. Bus. & Prof. Code §17200, *et seq.*;
   c. Plaintiff's attorney's fees, including pursuant to 15 U.S.C. §1117, *et seq.*;
   d. Plaintiff's costs; and
   e. Interest, including prejudgment interest, on the foregoing sums.

3. That the Court issue injunctive relief against Defendant, requiring Defendant to immediately and permanently cease all infringement.

4. That the Court order Defendant to withdraw U.S. Application No. 88/898,248 for the Infringing Mark.

//

5. That the Court grant to Plaintiff such additional relief as is just and proper.

Respectfully Submitted,

DATED: December 23, 2020  **KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
Karl S. Kronenberger

Attorneys for Plaintiff BillFloat Inc.

# REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

Respectfully Submitted,

DATED: December 23, 2020　　　　　**KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
　　　　　Karl S. Kronenberger

Attorneys for Plaintiff BillFloat Inc.