**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Kelly A. Mulcahy (Bar No. 305472)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
kelly@KRInternetLaw.com

Attorneys for Plaintiff BillFloat Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **BILLFLOAT INC. dba SMARTBIZ LOANS**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**COLLINS CASH INC. dba SMART BUSINESS FUNDING**, a New York corporation; and **ABRAHAM COHEN**, an individual,<br><br>Defendants. | Case No. 3:20-cv-09325-EMC<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>• Trademark Infringement;<br>• Unfair Competition;<br>• Breach of Contract;<br>• Trademark Infringement (State); and<br>• Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:20-cv-09325-EMC                    **SECOND AMENDED COMPLAINT**

Plaintiff BillFloat Inc. *dba* SmartBiz Loans ("Plaintiff" or "SmartBiz"), by and through its undersigned counsel, states and alleges against Collins Cash Inc. and Abraham Cohen (collectively, the "Defendants") as follows:

**INTRODUCTION**

1. This case involves willful trademark infringement and breach of contract.

2. Plaintiff provides a technology platform to small businesses and banks for obtaining and processing commercial loans, including Small Business Administration ("SBA") loans, through Plaintiff's website located at <SmartBizLoans.com> ("Proprietary Site"). Plaintiff owns a number of trademarks and copyrights protecting its brand and the content on its Proprietary Site.

3. Defendant Abraham Cohen ("Defendant Cohen" or "Mr. Cohen") is the CEO, sole shareholder, and sole employee of Defendant Collins Cash Inc. *dba* Smart Business Funding ("Defendant Collins Cash" or "Collins Cash"). As the owner and only employee of Collins Cash, Defendant Cohen has complete control and decision-making power over every aspect of his business, including entering agreements on behalf of Collins Cash and the selection and adoption of company trademarks.

4. Defendant Cohen does not adhere to the usual corporate formalities in running the Collins Cash business. For example, Defendant Cohen does not keep formal books for the company or employ any sort of software to manage inflows and outflows of cash; there are no formal records documenting advertising and marketing expenditures for Collins Cash, rather Defendant Cohen relies on credit card statements and receipts to track this information. Furthermore, Defendant Cohen uses a fake name, Anthony Collin, when marketing and corresponding with customers, in order to hide his true identity.

5. Defendant Collins Cash is a financial services provider for small businesses. Defendants primarily engage in the dubious business practice of offering "merchant cash advances" to small business customers, a practice that is rife with fraud around the country and that has been criticized by the Federal Trade Commission and multiple state Attorneys General.

Case No. 3:20-cv-09325-EMC  1  **SECOND AMENDED COMPLAINT**

6. In order to profit from small business customers who are not interested in obtaining a merchant cash advance, Defendants needed a legitimate lending services partner to which to refer business. Thus, on or about June 6, 2018, Defendants applied to join the "SmartBiz Partner Program" ("Partner Program"), which would allow Defendants to earn commissions by referring customers to Plaintiff. To join the Partner Program, Defendants were required to submit a Partner Enrollment Form and enter into a contract with Plaintiff (the "Agreement"), agreeing to be bound by Plaintiff's Terms and Conditions.

7. Under the Agreement, Defendants agreed, among other things, only to use Plaintiff's trademarks, service marks, and logos in connection with the Partner Program.

8. Defendants have infringed on Plaintiff's intellectual property rights by using a confusingly similar brand name without Plaintiff's permission or authorization in an effort to deceive consumers and create the appearance of affiliation with Plaintiff's trusted services. In fact, Mr. Cohen personally selected the Smart Business Funding brand, which he and Collins Cash later adopted.

9. Plaintiff has been substantially harmed as a result of Defendants' misconduct and will continue to incur damages until Defendants' infringement is enjoined.

**AGENCY AND ALTER EGO ALLEGATIONS**

10. Defendants were and are agents for one another.

11. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, employee, partner, co-conspirator, and/or joint venturer of the other.

12. Any allegations about acts of Defendant Collins Cash are allegations that Defendant Collins Cash acted through Defendant Cohen or other officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

13. Plaintiff believes and is informed and, on that basis alleges, that each of said Defendants, were in some manner legally responsible for the unlawful actions and unlawful practices complained of herein, including because Defendant Cohen personally participated in the acts alleged herein that constitute infringement of Plaintiff's marks.

14. Defendant Cohen is also the alter ego of Defendant Collins Cash because (1) there is such unity of interest and ownership that the separation of Defendant Cohen and Defendant Collins Cash does not exist, and (2) that failure to disregard their separate identities would result in fraud or injustice.

15. Specifically, Defendant Cohen controls Defendant Collins Cash to such a degree as to render the latter the mere instrumentality of the former. As the owner, sole shareholder, and sole employee of Collins Cash, the unity of interest between Defendant Collins Cash and Defendant Cohen are one and the same and separation does not exist between the two. Defendant Cohen controls every aspect of Defendant Collins Cash and maintains exclusive decision-making power for the company such that Collins Cash is clearly the mere instrumentality of Defendant Cohen. Moreover, Defendant Cohen's lack of and disregard of corporate formalities, including maintaining formal books or financial records, further indicates his pervasive control over Collins Cash.

16. Given that Defendant Cohen is solely responsible for all decision-making authority and directing all actions of Defendant Collins Cash, including the selection and adoption of Defendant's infringing trademark, it would be inequitable to allow Mr. Cohen to hide behind his company.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, and 1367 as this case arises under federal trademark laws and the state law claims arise from the same case or controversy as the federal claims.

18. This Court has personal jurisdiction over Defendants because, on

information and belief, Defendants have systematically targeted misconduct towards California, including by sending email solicitations to Plaintiff, which has a principal office in California. Furthermore, the Agreement between the Parties expressly states that the Parties shall submit to the laws and jurisdiction of California regarding all disputes.

19. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district. Additionally, as part of the Agreement, the Parties expressly consented to venue in San Francisco, California.

## INTRADISTRICT ASSIGNMENT

20. This intellectual property action should be assigned on a district-wide basis.

## THE PARTIES

21. Plaintiff is a Delaware corporation with foreign registration in California and its principal place of business in San Francisco, California.

22. On information and belief, Defendant Collins Cash is a New York corporation and maintains its principal place of business in Brooklyn, New York.

23. On information and belief, Defendant Cohen is an individual residing in Florida. Mr. Cohen is the CEO, sole shareholder, and sole employee of Collins Cash. As such, he is not separate from Defendant Collins Cash, and actively directed and participated in the misconduct alleged herein and is thus personally liable.

24. On information and belief, Defendant Cohen often conducts business for Collins Cash under the fake name Anthony Collin.

## FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademarks

25. Plaintiff is a provider of small business loan services. Plaintiff's business grew out of the 2008 financial crisis when banks had difficulties funding small business growth. Plaintiff created an innovative solution focusing on SBA loans, low interest rates, affordable monthly payments, and long repayment terms. Plaintiff has also built a

platform with advanced technology to streamline the SBA loan application process, making it efficient and more cost effective for banks to provide small loans to businesses. In particular, Plaintiff provides a platform to assist small businesses in obtaining SBA and non-SBA loans through its Proprietary Site. Plaintiff's platform was the first online marketplace to help small businesses successfully apply for SBA loans. Plaintiff's services help businesses find lenders most likely to fund their loan, help businesses improve their financial health, and help lenders efficiently process loans.

26. A key aspect of Plaintiff's services is that customers can benefit from a streamlined application process and faster access to funding and can thus obtain working capital from banks to pay for real estate, employees, marketing, equipment, and other costs.

27. Since 2013, Plaintiff began providing its small business loan services under a family of SMARTBIZ-formative trademarks, including SMARTBIZ, SMARTBIZ LOANS, and SMARTBIZ ADVISOR (collectively, the "SMARTBIZ Marks").

28. On January 28, 2014, Plaintiff obtained a federal trademark registration with the U.S. Patent and Trademark Office ("USPTO") for the mark SMARTBIZ (U.S. Registration No. 4,475,356) for use on or in connection "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036. On March 20, 2020, the registration was deemed incontestable by the USPTO. The validity of the SMARTBIZ mark and of the registration of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C.A. §1065, and 15 U.S.C.A. §1115(b).

29. On January 2, 2018, Plaintiff obtained a federal trademark registration with the USPTO for the mark SMARTBIZ LOANS (U.S. Registration No. 5,368,330) for use on or in connection with "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036.

Case No. 3:20-cv-09325-EMC    5    SECOND AMENDED COMPLAINT

30. On February 26, 2019, Plaintiff obtained a federal trademark registration with the USPTO for the design mark SMARTBIZ (U.S. Registration No. 5,685,165) for use on or in connection with "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036 and "[p]latform as a service (PAAS) featuring computer software platforms for users to apply for commercial loans; [p]roviding a secure electronic online system featuring technology which allows users to access tools that offer recommendations on how to strengthen their lending profile; [p]roviding a website featuring non-downloadable software for users to apply for commercial financing; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to learn how banks typically evaluate their business and allows users to apply for commercial loans; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to apply for commercial loans; [p]roviding temporary use of on-line non-downloadable software for users to apply for commercial loans" in International Class 042.

31. On March 12, 2019 Plaintiff obtained federal trademark registrations for the word mark and design mark SMARTBIZ ADVISOR (U.S. Registration Nos. 5,695,705 and 5,695,704) for use on or in connection with "[a]rranging of loans; [c]redit and loan services; [f]inancial loan consultation; [f]inancing and loan services; [f]inancing loans for small businesses" in International Class 036 and "[p]latform as a service (PAAS) featuring computer software platforms for users to apply for commercial loans; [p]roviding a secure electronic online system featuring technology which allows users to access tools that offer recommendations on how to strengthen their lending profile; [p]roviding a website featuring non-downloadable software for users to apply for commercial financing; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to learn how banks typically evaluate their business and allows users to apply for commercial loans; [p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to

apply for commercial loans; [p]roviding temporary use of on-line non-downloadable software for users to apply for commercial loans" in International Class 042.

32. Plaintiff has expended, and continues to expend, considerable sums to advertise and promote its services under the SMARTBIZ Marks. Additionally, Plaintiff has been recognized as the nation's #1 facilitator of certain SBA loans, received outstanding customer satisfaction ratings, and obtained numerous awards for its business. By reason of its longstanding commercial success, Plaintiff's SMARTBIZ Marks and corresponding services are identified in the public's mind as originating with Plaintiff.

### Breach of Contract and Willful Infringement

33. Through its Proprietary Site, Plaintiff offers the ability for individuals and/or businesses to join its SmartBiz Partner Program ("Partner Program").

34. By joining the Partner Program, Partners can earn commissions on funded SBA loan applications opened by their referred clients.

35. On or about June 6, 2018, the Parties entered into the Agreement, whereby they agreed, among other things:

    a. That Defendants would identify customers who may benefit from SmartBiz services and introduce such customers to SmartBiz.

    b. As consideration for the services provided by Defendants under the Agreement, Plaintiff would pay Defendants a commission for each lead generated.

36. As part of the Agreement, the Parties agreed to grant each other a limited non-exclusive, non-transferable right to display the trademarks, service marks, and logos, in the form and format supplied by the other Party, *solely* in connection with the Partner Program.

37. During the term of the Agreement, Defendants submitted several leads to SmartBiz under the name Collins Cash, however these loan applications were either declined or withdrawn, and as such, did not warrant payment by Plaintiff.

38. Plaintiff became aware that Defendants had breached the Agreement by infringing on Plaintiff's trademark rights when Plaintiff received an email solicitation from Collins Cash advertising finance and loan services under the confusingly similar name SMART BUSINESS FUNDING (the "Infringing Mark").

39. Due to the proximity of the party's names, near identical services offered, along with the geographic overlap in which the services are provided, Plaintiff became increasingly concerned about the resulting confusion among the consuming public. Specifically, Plaintiff is concerned that consumers believe that Defendants are affiliated, connected, or associated with Plaintiff and/or that Defendants' services originate from, or are sponsored or approved by, Plaintiff.

40. Concerned about the potential confusion among consumers, Plaintiff sent a demand letter ("Plaintiff's Letter") to Defendants on April 14, 2020, requesting that Defendants cease and desist use of its Infringing Mark based on a likelihood of confusion with Plaintiff's SMARTBIZ Marks, altogether making it clear that Defendants' use was unauthorized and amounted to infringement.

41. Notwithstanding Plaintiff's prior established rights in the SMARTBIZ Marks, on May 2, 2020, Defendants filed U.S. Application No. 88/898,248 for the Infringing Mark for use on or in connection with:

> <u>Class 035</u>: Business advisory services, consultancy and information; Business advice and information relating to loans, finance and capital; Business support services, namely, business consulting to freelancers, start-ups, existing businesses and non-profit organizations.
> <u>Class 036</u>: Brokerage in the field of credit card processing terminals; Brokerage in the field of business lines of credit; Cash advance services for businesses and merchants; Factoring agencies; Financing and loan services; Merchant banking services; Accounts receivables financing; Banking and financing services; Financial services, namely, credit repair and restoration; Providing working capital; Providing working capital financing to small businesses and small business owners.

42. In response to the filing of Defendants' application for the Infringing Mark, Plaintiff filed a Notice of Opposition against the application on October 22, 2020 with the Trademark Trial and Appeal Board.

Case No. 3:20-cv-09325-EMC     8     **SECOND AMENDED COMPLAINT**

43. Defendants' use and registration of the Infringing Mark is likely to cause confusion, mistake, and/or deception because the public is likely to falsely believe that Defendants' services emanate from Plaintiff, or that the services are endorsed, approved, or sponsored by, affiliated, or associated with, or otherwise connected to, Plaintiff.

44. On information and belief, Defendants have received a financial benefit directly attributable to their infringement, including through website traffic and sales.

45. As a direct and proximate result of Defendants' breach and bad faith infringement of Plaintiff's intellectually property rights, Plaintiff has been substantially harmed, including through lost profits and loss of goodwill, and Defendants have wrongfully obtained profits.

## FIRST CLAIM FOR RELIEF

**Trademark Infringement, 15 U.S.C. §§1114, *et seq*.**

46. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

47. Plaintiff has continuously used its federally registered SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

48. On information and belief, Defendants had knowledge of Plaintiff's rights in its SMARTBIZ Marks prior to Defendants' use of the Infringing Mark and intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill; despite notification of its infringement, Defendants have knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods and services.

49. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiff and as to the origin, sponsorship, or approval of its products and services, given the similarity and directly competitive fields of Plaintiff's Marks and the Infringing Mark.

50. Defendants' conduct constitutes willful trademark infringement in violation

of §32 of the Lanham Act, 15 U.S.C. §1114.

51. As a result of Defendants' conduct Plaintiff has suffered damages and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Unfair Competition, 15 U.S.C. §§1125(a)(1)(A), *et seq.*

52. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

53. Plaintiff has continuously used its federally registered SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

54. On information and belief, Defendants had actual and constructive knowledge of Plaintiff's rights in its SMARTBIZ Marks and, in adopting and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Despite Plaintiff's requests to cease and desist, Defendants have knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods and services.

55. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiff and as to the origin, sponsorship, or approval of its products and services, given the similarity and directly competitive fields of Plaintiff's Marks and the Infringing Mark.

56. Defendants' conduct constitutes unfair competition in violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

57. As a result of Defendants' conduct, Plaintiff has suffered damages and irreparable injury for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

58. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

59. On or around June 6, 2018, Defendants entered into a contract with Plaintiff by using the Proprietary Site and joining Plaintiff's Partner Program. The essential terms of the contract were clearly and unambiguously laid out in the terms and conditions and included that Defendant would not use or reproduce Plaintiff's intellectual property outside of the Program.

60. Plaintiff performed all obligations under the contract.

61. Defendants have materially breached their duties under the contract, including by intentionally infringing on Plaintiff's Marks.

62. As a direct result of Defendants' breach, Plaintiff has incurred damages.

## FOURTH CLAIM FOR RELIEF

**Trademark Infringement, Cal. Bus. & Prof. Code §§14245, *et seq.***

63. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

64. Plaintiff has continuously used its SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

65. The SMARTBIZ Marks are distinctive and famous in California, as well as throughout the United States.

66. On information and belief, Defendants had knowledge of Plaintiff's rights in its federally registered Marks and, in creating and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Defendants have knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods and services.

67. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiff and as to the origin, sponsorship, or approval of its products and services, given the similarity and directly competitive fields of Plaintiff's SMARTBIZ Marks and the Infringing Mark.

68. Defendants' conduct constitutes unfair, unlawful, and/or fraudulent

business practices within the meaning of Cal. Bus. & Prof. Code §14245, *et seq.*

69. As a direct result of Defendants' conduct, Plaintiff has suffered damages and irreparable injury for which there is no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### Unlawful Business Practices, Cal. Bus. & Prof. Code §§17200, *et seq.*

70. Plaintiff repeats and incorporates each allegation contained in the paragraphs above as if fully alleged herein.

71. Plaintiff has continuously used its federally registered SMARTBIZ Marks in commerce throughout the nation in connection with its goods and services.

72. On information and belief, Defendants had knowledge of Plaintiff's rights in its Marks and, in creating and using the Infringing Mark, intended to cause confusion, mistake, or deception and misappropriate Plaintiff's goodwill. Defendants have knowingly, deliberately, and willfully continued to use the Infringing Mark in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods and services.

73. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiff and as to the origin, sponsorship, or approval of its products and services, given the similarity and directly competitive fields of Plaintiff's SMARTBIZ Marks and the Infringing Mark.

74. Defendants' conduct constitutes unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §§17200, *et seq.*

75. As a direct result of Defendants' conduct, Plaintiff has lost profits for which Defendants have been unjustly enriched, and Plaintiff has suffered irreparable injury for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter judgment against Defendants that they have committed and are committing acts of trademark infringement, breach of contract, and

1  unlawful business practices.

2    2. That the Court order Defendants to pay Plaintiff's damages as follows:

3     a. Plaintiff's damages and Defendants' profits pursuant to 15 U.S.C. §1117
4      (a);

5     b. Restitution for violation of Cal. Bus. & Prof. Code §§17200, *et seq.*;

6     c. Plaintiff's attorney's fees, including pursuant to 15 U.S.C. §§1117, *et seq.*;

7     d. Plaintiff's costs; and

8     e. Interest, including prejudgment interest, on the foregoing sums.

9    3. That the Court issue injunctive relief against Defendants, requiring
10 Defendants to immediately and permanently cease all infringement.

11   4. That the Court order Defendants to withdraw U.S. Application No.
12 88/898,248 for the Infringing Mark. Or in the alternative, if Defendants Application
13 should register, that the Court order cancellation of Defendant's trademark Registration,
14 per 15 U.S.C. §1119.

15   5. That the Court grant to Plaintiff such additional relief as is just and proper.

17 Respectfully Submitted,

18 DATED: October 7, 2021    **KRONENBERGER ROSENFELD, LLP**

20        By: _____s/ Karl S. Kronenberger_____
          Karl S. Kronenberger

22       Attorneys for Plaintiff BillFloat Inc.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

Respectfully Submitted,

DATED: October 7, 2021                **KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
            Karl S. Kronenberger

Attorneys for Plaintiff BillFloat Inc.