1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MARTIN R. BADER, Cal. Bar No. 222865
E mail: mbader@sheppardmullin.com
JESSE A. SALEN, Cal. Bar No. 292043
E mail: jsalen@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:    858.509.3691

2

3

4

5

6

7

KRONENBERGER ROSENFELD, LLP
Karl S. Kronenberger (Bar No. 226112)
Email: karl@KRInternetLaw.com
Kelly A. Mulcahy (Bar No. 305472)
Email: kelly@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155

8

9

10

11

12

Attorneys for Plaintiff BillFloat Inc.

13

MANDOUR & ASSOCIATES, APC
Joseph A. Mandour, III (Bar No. 188896)
Gordon E. Gray (Bar No. 175209)
Ben T. Lila (Bar No. 246808)
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
jmandour@mandourlaw.com
ggray@mandourlaw.com
blila@mandourlaw.com

14

15

16

17

18

Attorneys for Defendants

19

UNITED STATES DISTRICT COURT

20

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

21

BILLFLOAT INC. dba SMARTBIZ
LOANS, a Delaware corporation,

22

          Plaintiff,

23

    v.

24

COLLINS CASH INC. dba SMART
BUSINESS FUNDING, a New York
Corporation; and ABRAHAM COHEN,
an individual,

25

26

          Defendants.

27

28

Case No. 3:20-cv-09325-EMC

**JOINT STATEMENT OF EACH PARTY'S OBJECTIONS TO EXHIBITS FOR ADVANCE RULING AND AMENDED JOINT EXHIBIT LIST**

   Trial Date:   November 14, 2022
   Courtroom:   5, 17th Floor
   Judge:      Hon. Edward M. Chen

1    Pursuant to the Amended Case Management and Pretrial Order for Jury Trial
2    (ECF Nos. 77 and 96), the Parties hereby submit this joint statement in which each party
3    identifies up to fifteen (15) of the opposing party's exhibits for which the identifying
4    party respectfully seeks rulings on objections in advance of trial.  The parties further
5    submit the attached Amended Joint Exhibit List reflecting the current state of the parties
6    respective objections to exhibits following the parties' October 10, 2022 meet and confer,
7    inclusive of the objections listed below for which the parties respectfully seek rulings in
8    advance of trial.

9    **I.      Plaintiff's Objections to Defendants' Exhibits For Advance Ruling.**

10   Plaintiff submits the following objections to Defendants' proposed exhibits,
11   together with Defendants' responses thereto, for which Plaintiff seeks a ruling in advance
12   of trial.

13   **1. <u>Plaintiff's Objection to Trial Exhibit 108</u>.**

14   Plaintiff objects to Defendants' use and entry of Trial Exhibit 108 because the
15   exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801 and because
16   Defendants have not properly laid foundation for the exhibit. Trial exhibit 108 is
17   described as "09/20/2018 Email notice of new voice message to Nick Fragoso from Mike
18   Brooks (Singer Depo Exs. 21, 30)" in the parties First Amended Joint Exhibit List.
19   Defendants intend to use Trial Exhibit 108 in Defendants' examinations of Abraham
20   Cohen and Evan Singer as demonstrative evidence and impeachment evidence.

21   Defendants respond to Plaintiff's objection as follows: Abraham Cohen will
22   provide the foundation for the document as the CEO and sole employee of Collins Cash.
23   It is an admission against interest per FED. R. EVID 804(b)(3).

24   **2. <u>Plaintiff's Objection to Trial Exhibit 137</u>.**

25   Plaintiff objects to Defendants' use and entry of Trial Exhibit 137 because the
26   exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801, Defendants have not
27   laid proper foundation, the exhibit is not relevant pursuant to Fed. R. Evid. 402, and its

28

1  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,

2  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403.

3  Trial exhibit 137 is described as "12/16/2014 Email from Danny Koshanfar to Anthony

4  Collin re 5 names" in the parties First Amended Joint Exhibit List. Defendants intend to

5  use Trial Exhibit 137 in Defendants' examination of Abraham Cohen as demonstrative

6  evidence and supporting testimonial evidence.

7          Defendants respond to Plaintiff's objection as follows: Abraham Cohen will

8  provide the foundation for this document as a recorded recollection of when Collins Cash

9  adopted SMART BUSINESS FUNDING.

10         **3. <u>Plaintiff's Objection to Trial Exhibit 150</u>.**

11         Plaintiff objects to Defendants' use and entry of Trial Exhibit 150 because the

12  exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801, Defendants have not

13  laid proper foundation, the exhibit is not relevant pursuant to Fed. R. Evid. 402, its

14  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,

15  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403,

16  and it is incomplete. Trial exhibit 150 is described as "01/11/2017 SmartBiz Partner

17  Program Terms and Conditions (Cohen Depo Ex. 6, Singer Depo Ex. 25, ECF No. 50 Ex.

18  U)" in the parties First Amended Joint Exhibit List. Defendants intend to use Trial

19  Exhibit 150 in Defendants' examination of Evan Singer as demonstrative evidence and

20  impeachment evidence.

21         Defendants respond to Plaintiff's objection as follows: Abraham Cohen will

22  provide the foundation for this document (if Evan Singer refuses to do so). It is a business

23  record of the terms of the arrangement between the parties (FRE 803(6)).

24         **4. <u>Plaintiff's Objection to Trial Exhibit 152</u>.**

25         Plaintiff objects to Defendants' use and entry of Trial Exhibit 152 because the

26  exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801, Defendants have not

27  laid proper foundation, the exhibit is not relevant pursuant to Fed. R. Evid. 402, its

28

1  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,

2  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403,

3  and it is incomplete. Trial exhibit 152 is described as "06/06/2018 Email re Approved

4  SmartBiz Partner (Cohen Depo Ex. Y, ECF No. 50-1 Ex. E)" in the parties First

5  Amended Joint Exhibit List. Defendants intend to use Trial Exhibit 152 in Defendants'

6  examination of Abraham Cohen as demonstrative evidence and supporting testimonial

7  evidence.

8      Defendants respond to Plaintiff's objection as follows: Abraham Cohen will

9  provide the foundation for this document. It is a business record of the terms of the

10  arrangement between the parties (FRE 803(6)) and timing of relationship.

11      **5. Plaintiff's Objection to Trial Exhibit 193.**

12      Plaintiff objects to Defendants' use and entry of Trial Exhibit 193 because the

13  exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801, Defendants have not

14  laid proper foundation, the exhibit is not relevant pursuant to Fed. R. Evid. 402, and its

15  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,

16  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403.

17  Trial exhibit 193 is described as "Document with the "Amazon" logo (Singer Depo Ex.

18  13)" in the parties First Amended Joint Exhibit List. Defendants intend to use Trial

19  Exhibit 193 in Defendants' examination of Evan Singer as demonstrative evidence and

20  impeachment evidence.

21      Defendants respond to Plaintiff's objection as follows: It is a public record and/or

22  subject to judicial notice as to the public's knowledge of the Amazon logo.  It goes to the

23  Sleekcraft factor regarding sight, sound and meaning of the mark.

24      **6. Plaintiff's Objection to Trial Exhibit 194.**

25      Plaintiff objects to Defendants' use and entry of Trial Exhibit 194 because the

26  exhibit contains inadmissible hearsay pursuant to Fed. R. Evid. 801, Defendants have not

27  laid proper foundation, the exhibit is not relevant pursuant to Fed. R. Evid. 402, and its

28

1  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,
2  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403.
3  Trial exhibit 194 is described as "Document with the "Amazon" logo (Singer Depo Ex.
4  14)" in the parties First Amended Joint Exhibit List. Defendants intend to use Trial
5  Exhibit 194 in Defendants' examination of Evan Singer as demonstrative evidence and
6  impeachment evidence.

7       Defendants respond to Plaintiff's objection as follows: It is a public record and/or
8  subject to judicial notice as to the public's knowledge of the Amazon logo.  It goes to the
9  Sleekcraft factor regarding sight, sound and meaning of the mark.

10      **7. <u>Plaintiff's Objection to Trial Exhibit 198.</u>**

11      Plaintiff objects to Trial Exhibit 198 because it contains inadmissible hearsay
12  pursuant to Fed. R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its
13  probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff,
14  confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403.
15  Trial exhibit 198 is described as "Email dated 8/31/15, Subject: SmartBiz Loans
16  Partnership Opportunity" in the parties First Amended Joint Exhibit List. Defendants
17  intend to use Trial Exhibit 198 in Defendants' examinations of Evan Singer and Abraham
18  Cohen as demonstrative evidence and impeachment evidence.

19      Defendants respond to Plaintiff's objection as follows: It is an admission against
20  interest per Fed. R. Evid. 804(b)(3) and a business record per Fed. R. Evid. 803(6).

21      **8. <u>Plaintiff's Objection to Trial Exhibit 199.</u>**

22      Plaintiff objects to Trial Exhibit 199 because it has not been authenticated
23  pursuant to Fed. R. Evid. 901, it contains inadmissible hearsay pursuant to Fed. R. Evid.
24  801, and it is not relevant pursuant to Fed. R. Evid. 402. Trial exhibit 199 is described as
25  "Screen capture of sbnonline.com (Singer Depo Ex. 40)" in the parties First Amended
26  Joint Exhibit List. Defendants intend to use Trial Exhibit 199 in Defendants' examination
27  of Evan Singer as demonstrative evidence and impeachment evidence.

28

1    Defendants respond to Plaintiff's objection as follows: Abraham Cohen will
2    authenticate the document.  It is a present sense impression for consumers in the
3    marketplace (Fed. R. Evid. 803(1)).

4    **9. <u>Plaintiff's Objection to Trial Exhibit 209</u>.**

5    Plaintiff objects to Trial Exhibit 209 for the reasons stated in Plaintiff's Motion in
6    Limine No. 2 (ECF No. 87), and because it contains inadmissible hearsay pursuant to
7    Fed. R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its probative value
8    is substantially outweighed by a danger of unfairly prejudicing Plaintiff, confusing the
9    issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403. Trial exhibit
10   209 is described as "Office Action, dated July 29, 2020 for U.S. TM Appln. No.
11   88/898248 for SMART BUSINESS FUNDING" in the parties First Amended Joint
12   Exhibit List. Defendants intend to use Trial Exhibit 209 in Defendants' examination of
13   Abraham Cohen as demonstrative evidence.

14   Defendants respond to Plaintiff's objection as follows: It is a public record per
15   Fed. R. Evid. 803(8) relevant to likelihood of confusion analysis.  Defendant has also
16   opposed plaintiff's motion in limine.

17   **10. <u>Plaintiff's Objection to Trial Exhibit 210</u>.**

18   Plaintiff objects to Trial Exhibit 210 for the reasons stated in Plaintiff's Motion in
19   Limine No. 2 (ECF No. 87), and because it contains inadmissible hearsay pursuant to
20   Fed. R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its probative value
21   is substantially outweighed by a danger of unfairly prejudicing Plaintiff, confusing the
22   issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403. Trial exhibit
23   210 is described as "Response to Office Action, dated August 12, 2020 for U.S. TM
24   Appln. No. 88/898248 for SMART BUSINESS FUNDING" in the parties First Amended
25   Joint Exhibit List. Defendants intend to use Trial Exhibit 210 in Defendants' examination
26   of Abraham Cohen as demonstrative evidence and supporting testimonial evidence;
27   public record.

28

Defendants respond to Plaintiff's objection as follows: It is a public record per Fed. R. Evid. 803(8) relevant to likelihood of confusion analysis.  Defendant has also opposed plaintiff's motion in limine.

**11. <u>Plaintiff's Objection to Trial Exhibit 221</u>.**

Plaintiff objects to Trial Exhibit 221 because Defendants have not laid proper foundation for its admission, it contains inadmissible hearsay pursuant to Fed. R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff, confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403. Trial exhibit 221 is described as "Trial testimony declaration of Melissa Pittaoulis in Gilead case" in the parties First Amended Joint Exhibit List. Defendants intend to use Trial Exhibit 221 in Defendants' examination of Melissa Pittaoulis as demonstrative evidence and impeachment evidence.

Defendants respond to Plaintiff's objection as follows: Dr. Pittaoulis will provide foundation.  It is her prior testimony per Fed. R. Evid. 804(b)(1).

**12. <u>Plaintiff's Objection to Trial Exhibit 222</u>.**

Plaintiff objects to Trial Exhibit 222 because Defendants have not laid proper foundation for its admission, it contains inadmissible hearsay pursuant to Fed. R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its probative value is substantially outweighed by a danger of unfairly prejudicing Plaintiff, confusing the issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403. Trial exhibit 221 is described as "TTAB decision" in the parties First Amended Joint Exhibit List. Defendants intend to use Trial Exhibit 222 in Defendants' examination of Melissa Pittaoulis as demonstrative evidence and impeachment evidence.

Defendants respond to Plaintiff's objection as follows: It is a public record per Fed. R. Evid. 803(8) regarding Dr. Pittaoulis' survey methodology.

1     **13. <u>Plaintiff's Objection to Trial Exhibit 234</u>.**

2     Plaintiff objects to Trial Exhibit 234 for the reasons stated in Plaintiff's Motion in

3 Limine No. 2 (ECF No. 87). Trial exhibit 234 is described as "09/02/2020 Notice of

4 Publication for SMART BUSINESS FUNDING U.S. Trademark Application No.

5 88/898248 (ECF No. 42 Ex. 53)" in the parties First Amended Joint Exhibit List.

6 Defendants intend to use Trial Exhibit 234 in Defendants' examination of Abraham

7 Cohen as demonstrative evidence and supporting testimonial evidence; public record.

8     Defendants respond to Plaintiff's objection as follows: Defendants have opposed

9 this Motion in Limine.

10     **14. <u>Plaintiff's Objection to Trial Exhibit 235</u>.**

11     Plaintiff objects to Trial Exhibit 235 for the reasons stated in Plaintiff's Motion in

12 Limine No. 2 (ECF No. 87) and because it contains inadmissible hearsay pursuant to Fed.

13 R. Evid. 801, it is not relevant pursuant to Fed. R. Evid. 402, and its probative value is

14 substantially outweighed by a danger of unfairly prejudicing Plaintiff, confusing the

15 issues, misleading the jury, and wasting time pursuant to Fed. R. Evid. 403. Trial exhibit

16 235 is described as "07/15/2020 Letter of Protest concerning U.S. Application Serial No.

17 88/898248 for the mark SMART BUSINESS FUNDING (Singer Depo Ex. 37, ECF No.

18 42 Ex. 54)" in the parties First Amended Joint Exhibit List. Defendants intend to use

19 Trial Exhibit 234 in Defendants' examinations of Abraham Cohen and Evan Singer as

20 demonstrative evidence and impeachment evidence.

21     Defendants respond to Plaintiff's objection as follows: Defendants have opposed

22 this Motion in Limine.  It is a public record (FRE 803(8)) and an admission against

23 interest (FRE 804(b)(3)(B).)

24     **15. <u>Plaintiff's Objection to Trial Exhibit 237</u>.**

25     Plaintiff objects to Trial Exhibit 237 because it lacks foundation, it contains

26 inadmissible hearsay pursuant to Fed. R. Evid. 801, it is not relevant pursuant to Fed. R.

27 Evid. 402, and its probative value is substantially outweighed by a danger of unfairly

28

1  prejudicing Plaintiff, confusing the issues, misleading the jury, and wasting time pursuant

2  to Fed. R. Evid. 403. Trial exhibit 237 is described as "04/29/2021 Email chain re Notice

3  of Termination of the SmartBiz Partner Program Terms & Conditions by and between

4  SmartBiz Loans and Collins Cash, Inc. dba Smart Business Funding (the "Agreement")

5  (Singer Depo Ex. 39)" in the parties First Amended Joint Exhibit List. Defendants intend

6  to use Trial Exhibit 237 in Defendants' examinations of Abraham Cohen and Evan

7  Singer as demonstrative evidence and impeachment evidence.

8      Defendants respond to Plaintiff's objection as follows: Abraham Cohen will

9  provide foundation for this document.  It is a recorded recollection per Fed. R. Evid.

10  803(5) and business record (Fed. R. Evid. 803(6)) and shows the contract was not

11  terminated until after suit was filed.

12  **II.      Defendants' Objections to Plaintiff's Exhibits For Advance Ruling.**

13      Defendants submit the following objections to Plaintiff's proposed exhibits,

14  together with Plaintiff's responses thereto, for which Defendants seeks a ruling in

15  advance of trial.

16      **1. <u>Defendants' Objection to Trial Exhibit 99</u>.**

17      Defendants object to Trial Exhibit 99 because the exhibit contains inadmissible

18  hearsay pursuant to Fed. R. Evid. 801. Trial exhibit 99 is described as "03/24/2017 Email

19  from Tom Hallstrom to Ezra Friedman and Anthony Collin re SBF & CFA working

20  together? Re: Ezra from Smart ISO agreement for Tom" in the parties First Amended

21  Joint Exhibit List. Plaintiff intends to use Trial Exhibit 99 in Plaintiff's examination of

22  Abraham Cohen to demonstrate likelihood of confusion.

23      Plaintiff responds to Defendants' objection as follows: Pursuant to  Fed. R. Evid.

24  803(1),  Fed. R. Evid. 803(3), and/or  Fed. R. Evid. 807, Mr. Hallstrom's statements in

25  TX099 demonstrate his then-existing state of mind (i.e., confusion) and present sense

26  impression of what had been communicated to him during a telephone call with Mr.

27  Cohen Further, pursuant to Fed. R. Evid. 803(6), the document is a business record of

28

1  Collins Cash, that was produced by Collins Cash in this case Plaintiff expects that Mr.

2  Cohen will verify that the record was contemporaneous and kept in the course of regular

3  business. Alternatively, TX099 is being offered to impeach the credibility of Mr. Cohen

4  who is expected to testify that he was unaware of any individuals actually being confused

5  between Collins Cash and BillFloat.

6      **2. Defendants' Objection to Trial Exhibit 100.**

7      Defendants object to Trial Exhibit 100 because Plaintiff has not properly laid

8  foundation for the exhibit. Trial exhibit 100 is described as "04/25/2018 Email from

9  report@meltwater.com to Gabriel Gagner re SmartBiz Loans in the Media_ 12 New

10 Results" in the parties First Amended Joint Exhibit List. Plaintiff intends to use Trial

11 Exhibit 100 in Plaintiff's examinations of Evan Singer and Abraham Cohen to

12 demonstrate likelihood of confusion.

13     Plaintiff responds to Defendants' objection as follows: TX100 demonstrates that

14 the SmartBiz mark was being widely used in the market, and Plaintiff expects to use the

15 exhibit to impeach Mr. Cohen. Furthermore, if necessary, Mr. Singer can also testify to

16 the foundation for TX0100.

17     **3. Defendants' Objection to Trial Exhibit 134.**

18     Defendants object to Trial Exhibit 134 because the exhibit contains inadmissible

19 hearsay pursuant to Federal Rule of Evidence 801, Plaintiff has not properly laid

20 foundation for the exhibit, the exhibit is not relevant pursuant to Federal Rule of

21 Evidence 402, and it is incomplete. Trial exhibit 134 is described as "2017-2015 Aleks

22 Flom Emails (ECF No. 50-1 Ex. B)" in the parties First Amended Joint Exhibit List.

23 Plaintiff intends to use Trial Exhibit 134 in Plaintiff's examinations of Evan Singer as

24 rebuttal evidence to Defendants' laches defense.  Moreover, these emails were not

25 produced prior to the close of discovery.

26     Plaintiff responds to Defendants' objection as follows: Pursuant to  Fed. R. Evid.

27 801, these emails are not hearsay to the extent they are not being offered to prove the

28

1  truth of the statements in those emails, but instead, to demonstrate that BillFloat sent out

2  emails with those statements (e.g., "I wanted to connect with you in regards to our

3  strategic partnership program."), to a large list of potential partners Furthermore, pursuant

4  to  Fed. R. Evid. 803(3), they demonstrate Mr. Flom's state of mind regarding specific

5  intent to target individual companies based on their presence on a marketing list, as

6  opposed to his personal knowledge. Also, Pursuant to  Fed. R. Evid. 803(6), Mr. Singer

7  will establish that these emails are business records of BillFloat that were

8  contemporaneously recorded and kept in the ordinary course of business Mr. Singer will

9  further testify as to their foundation and relevance, in particular, to rebut Defendants'

10 laches theory that a 2015 email from Mr. Flom to Collins Cash allegedly demonstrates

11 knowledge of the Smart Business Funding mark that should be imputed to Plaintiff

12 Further, the emails compiled in TX134 are complete records.  Plaintiff further timely

13 produced TX134 on May 12, 2022 (ECF No. 50), just two weeks after first learning of

14 the exhibit's relevance as rebuttal evidence to Defendants' laches theory, which

15 Defendants disclosed for the first time in sufficient detail to render TX134 relevant in

16 Defendants' April 28, 2022 Motion for Summary Judgment. (ECF No. 42.)

17        **4. <u>Defendants' Objection to Trial Exhibit 153</u>.**

18        Defendants object to Trial Exhibit 153 because the exhibit contains inadmissible

19 hearsay pursuant to Federal Rule of Evidence 801 and Plaintiff has not properly laid

20 foundation for the exhibit. Trial exhibit 153 is described as "06/19/2018 Email between

21 Murray Steinman and Mike Brooks FW: It's summer! Is your business ready to grow?

22 (Cohen Depo Ex. Z, ECF No. 50-1 Ex. P)" in the parties First Amended Joint Exhibit

23 List. Plaintiff intends to use Trial Exhibit 153 in Plaintiff's examinations of Abraham

24 Cohen to demonstrate likelihood of confusion and in Plaintiff's examination of Mr.

25 Steinman for impeachment.

26        Plaintiff responds to Defendants' objection as follows: Pursuant to  Fed. R. Evid.

27 803(1),  Fed. R. Evid. 803(3), and/or  Fed. R. Evid. 807, Mr. Steinman's statements in

28

TX153 demonstrate his then-existing state of mind (i.e., confusion) and present sense impression of what had been communicated to him in an email Further, pursuant to Fed. R. Evid. 803(6), the document is a business record of Collins Cash, that was produced by Collins Cash in this case Plaintiff expects that Mr. Cohen will verify that the record was contemporaneous and kept in the course of regular business. Alternatively, TX153 is being offered to impeach the credibility of Mr. Cohen who is expected to testify that he was unaware of any individuals actually being confused between Collins Cash and BillFloat.

### 5. **Defendants' Objection to Trial Exhibit 187**.

Defendants object to Trial Exhibit 187 because the exhibit contains inadmissible hearsay pursuant to Federal Rule of Evidence 801, the exhibit is not relevant pursuant to Fed. R. Evid. 402, the exhibit's probative value is outweighed by its potential prejudicial effect pursuant to Fed. R. Evid. 403, and for the reasons presented in Defendants' Motion in Limine No. 3 (ECF No. 82). Trial exhibit 187 is described as "09/19/2019 Right Reverend Charles G. vonRosenberg, et al., the Episcopal Church v. the Right Reverend Mark J. Lawrence, case no. 2:13-cv-00587-RMG, Order and Opinion (Keegan Depo Ex. AI)" in the parties First Amended Joint Exhibit List. Plaintiff intends to use Trial Exhibit 187 in Plaintiff's examination of Mark Keegan as rebuttal and impeachment evidence.

Plaintiff responds to Defendants' objection as follows: Plaintiff: TX187 is a public record pursuant to Fed. R. Evid. 803(8).  Plaintiff intends to use TX187 to impeach Mr. Keegan about the reliability of his survey methodology.  Plaintiff's position is further explained in its opposition brief to Defendants' Motion in Limine No. 3. (ECF No. 82 at 7-10.)

### 6. **Defendants' Objection to Trial Exhibit 188**.

Defendants object to Trial Exhibit 188 because the exhibit contains inadmissible hearsay pursuant to Federal Rule of Evidence 801, the exhibit is not relevant pursuant to Fed. R. Evid. 402, the exhibit's probative value is outweighed by its potential prejudicial

1    effect pursuant to Fed. R. Evid. 403, and for the reasons presented in Defendants' Motion

2    in Limine No. 3 (ECF No. 82). Trial exhibit 188 is described as "08/13/2021 Beyond

3    Blonde v. Heldman III, CV 20-5581 DSF (GJSx), Order DENYING Defendant and

4    Counterclaimant Comedy MX, LLC's Motion for a Preliminary Injunction (Keegan Depo

5    Ex. AG)" in the parties First Amended Joint Exhibit List. Plaintiff intends to use Trial

6    Exhibit 188 in Plaintiff's examination of Mark Keegan as rebuttal and impeachment

7    evidence.

8         Plaintiff responds to Defendants' objection as follows: Plaintiff: TX188 is a public

9    record pursuant to Fed. R. Evid. 803(8).  Plaintiff intends to use TX188 to impeach Mr.

10   Keegan about the reliability of his survey methodology.  Plaintiff's position is further

11   explained in its opposition brief to Defendants' Motion in Limine No. 3. (ECF No. 82 at

12   7-10.)

13        **7. <u>Defendants' Objection to Trial Exhibit 189</u>.**

14        Defendants object to Trial Exhibit 189 because the exhibit contains inadmissible

15   hearsay pursuant to Federal Rule of Evidence 801, the exhibit is not relevant pursuant to

16   Fed. R. Evid. 402, the exhibit's probative value is outweighed by its potential prejudicial

17   effect pursuant to Fed. R. Evid. 403, and for the reasons presented in Defendants' Motion

18   in Limine No. 3 (ECF No. 82). Trial exhibit 189 is described as "11/20/2021 Kudos Inc.

19   v. Kudoboard LLC, et al., case no. 20- cv-01876-SI, Order re: Pending Motions  (Keegan

20   Depo Ex. AJ)" in the parties First Amended Joint Exhibit List. Plaintiff intends to use

21   Trial Exhibit 189 in Plaintiff's examination of Mark Keegan as rebuttal and impeachment

22   evidence.

23        Plaintiff responds to Defendants' objection as follows: Plaintiff: TX189 is a public

24   record pursuant to Fed. R. Evid. 803(8).  Plaintiff intends to use TX189 to impeach Mr.

25   Keegan about the reliability of his survey methodology.  Plaintiff's position is further

26   explained in its opposition brief to Defendants' Motion in Limine No. 3. (ECF No. 82 at

27   7-10.)

28

1

2    Dated:  October 11, 2022

3                                   Respectfully submitted,

4                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                                   By    _____
                                              */s/ Martin R. Bader*
7                                          MARTIN R. BADER
                                       Attorneys for Plaintiff BillFloat Inc.
8

9    Dated:  October 11, 2022        MANDOUR & ASSOCIATES, APC

10

11                                   By:   _____
                                              */s/ Gordon E. Gray*
12                                         GORDON E. GRAY
                                        Attorneys for Defendants
13                                    Collins Cash, Inc. and Abraham Cohen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF CONCURRENCE**

2        Pursuant to the Northern District Local Rule 5-1, I hereby attest that concurrence in the

3    filing of this document has been obtained from each of the other signatories

4        I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing declaration is true and correct to the best of my personal knowledge.

6        Executed this 11th day of October, 2022 in San Diego, California.

7

8    Dated:  October 11, 2022              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10                                        By: _____
                                                    */s/ Martin R. Bader*
11                                              MARTIN R. BADER

12                                        Attorneys for Plaintiff BillFloat Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4857-9290-8344